**CR 17 00308 SVK**

SEALED BY ORDER OF COURT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### *SAN JOSE DIVISION*

### THE UNITED STATES OF AMERICA
### vs.
### ISAAC CHOI

FILED

JUN 01 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## INDICTMENT

COUNTS 1-5:      18 U.S.C. § 1343 – Wire Fraud

*A true bill.*

_____
*Foreperson*

Filed in open court this **1st** day of **June** A.D. 201**7**

_____
*United States Magistrate Judge*

Bail. $ **No Bail Arrest Warrant**

**SEALED BY ORDER OF COURT**

BRIAN J. STRETCH (CABN 163973)
United States Attorney

**FILED**
JUN 01 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ISAAC CHOI, <br> a/k/a Yi Suk Choi, <br> a/k/a Yisuk Choi, <br> a/k/a Yi Suk Chae, <br> a/k/a Isaac Chae, <br> Defendant. | No.: **CR 17 00308 EJD SVK** <br><br> VIOLATIONS: <br><br> 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture <br><br> SAN JOSE VENUE <br><br> (UNDER SEAL) |

INDICTMENT

The Grand Jury Charges that, at all relevant times:

1. 1For.One Corporation d/b/a JobSonic d/b/a WrkRiot ("WrkRiot") was a Northern California-based start-up technology company founded in or around December 2015 and January 2016. WrkRiot's business purportedly focused on developing an online job search platform. WrkRiot had an office in Santa Clara, California, and employed individuals to build its software program and manage its various operations and marketing.

2. ISAAC CHOI a/k/a Yi Suk Choi a/k/a Yisuk Choi a/k/a Yi Suk Chae a/k/a Isaac Chae (hereinafter "CHOI") was the founder and Chief Executive Officer ("CEO") of WrkRiot. CHOI was

INDICTMENT                                          1

1 responsible for strategic and employment decisions at WrkRiot. CHOI was significantly involved in
2 recruiting software engineers, marketing directors, and other employees to work for WrkRiot.

3.   During late 2015 and 2016, CHOI repeatedly led efforts to raise as much as $15 million in capital funding for WrkRiot from various investors and other persons in the Northern District of California area and elsewhere, including (but not limited to) various venture capital investment firms in or around California's San Francisco Bay Area.

## THE SCHEME TO DEFRAUD

### A.  Overview and Purpose of the Scheme

4.   From at least in or around November 2015 and continuing through at least in or around September 2016, defendant CHOI devised, intended to devise, and executed a scheme to (a) recruit various WrkRiot employees and to obtain money from WrkRiot employees under false pretenses and promises regarding the financial support for and stability of WrkRiot; and (b) maintain the employment of various WrkRiot employees by falsely claiming to have paid their earned salaries, bonuses, and other compensation.

### B.  Manner and Means of the Scheme

5.   Beginning in or around December 2015, while speaking with investors and employees of WrkRiot, CHOI falsely claimed that he had access to significant personal wealth and was investing significant amounts of that money into the company. For example, CHOI falsely told others that he personally invested a significant amount of money into WrkRiot to allow the company to run without generating revenue while the company's product was being developed. CHOI claimed to others that his purported funding was significant enough to allow WrkRiot to operate for a substantial period of time without generating revenue.

6.   After certain WrkRiot employees came to learn that WrkRiot's bank accounts did not contain the capital that CHOI claimed to have invested, CHOI stated that a significant portion of the money he pledged to invest was tied up overseas and elsewhere, which was why WrkRiot did not have immediate access to the money. CHOI made ongoing claims that he had sources of funding that would provide support for WrkRiot; none of these funding sources appeared.

INDICTMENT                                              2

7. On multiple occasions, CHOI induced WrkRiot employees to loan money to or invest in WrkRiot by falsely claiming that the money he intended to invest would shortly be forthcoming. In total, CHOI collected hundreds of thousands of dollars from his own employees through false representations about the company's financial health and his own ability to financially support WrkRiot in its early stages of development.

8. While recruiting and fundraising, CHOI misled individuals about his educational and work background in order to create the impression of having a high degree of business acumen. For example, CHOI falsely claimed that he attended and received a degree from New York University and had worked as an analyst at a major financial institution in New York.

9. Starting in or around July 2016, CHOI failed to pay various WrkRiot employees their promised salaries and other compensation. When employees questioned why they had not been paid, CHOI offered various false explanations about the delay.

10. In or around late July 2016, after failing to pay WrkRiot employees, CHOI asked WrkRiot employees for their banking information—including account and routing numbers—and claimed that he would send the missed wages directly via wire transfer to each employee's bank account. By approximately the beginning of August 2016, CHOI still had not paid WrkRiot's employees.

11. On or about August 4, 2016, CHOI, from WrkRiot's office in Santa Clara, sent a series of individualized emails to WrkRiot's employees. In each email, CHOI told the recipient employee that his or her payment was forthcoming via electronic funds transfer. Additionally, CHOI sent an attachment purporting to be a confirmation of a wire transfer from a U.S.-based bank to the bank account of the recipient WrkRiot employee. In reality, CHOI sent forged confirmations of wire transfers in order to induce WrkRiot employees to continue working for the company without being paid.

12. After sending various WrkRiot employees these emails with fictitious confirmations of wire transfers, CHOI walked around the WrkRiot office and asked employees to confirm that they had received the emails containing the purported confirmations.

## CHARGES

<u>COUNTS ONE THROUGH FIVE</u>: (18 U.S.C. § 1343 – Wire Fraud)

INDICTMENT                                   3

13. Paragraphs 1 through 12 of this Indictment are hereby incorporated as if fully set forth herein.

14. From at least in or around November 2015, the exact date being unknown to the Grand Jury, through in or around September 2016, in the Northern District of California and elsewhere, defendant ISAAC CHOI a/k/a Yi Suk Choi a/k/a Yisuk Choi a/k/a Yi Suk Chae a/k/a Isaac Chae, did knowingly and willfully, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purposes of executing such scheme and artifice.

15. On or about the dates specified as to each count below,

> ISAAC CHOI,
> a/k/a Yi Suk Choi,
> a/k/a Yisuk Choi,
> a/k/a Yi Suk Chae,
> a/k/a Isaac Chae,

in the Northern District of California and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, as more particularly described below:

| Count | Approximate Date | Description of Interstate Wire Communication |
|---|---|---|
| 1 | August 4, 2016 | Email from CHOI (via computer servers outside the State of California) to WrkRiot Employee 1 (located within the State of California) with a falsified wire confirmation form attached. |
| 2 | August 4, 2016 | Email from CHOI (via computer servers outside the State of California) to WrkRiot Employee 2 (located within the State of California) with a falsified wire confirmation form attached. |
| 3 | August 4, 2016 | Email from CHOI (via computer servers outside the State of California) to WrkRiot Employee 3 (located within the State of California) with a falsified wire confirmation form attached. |

INDICTMENT                                             4

| | | |
|---|---|---|
| 4 | August 4, 2016 | Email from CHOI (via computer servers outside the State of California) to WrkRiot Employee 4 (located within the State of California) with a falsified wire confirmation form attached. |
| 5 | August 4, 2016 | Email from CHOI (via computer servers outside the State of California) to WrkRiot Employee 5 (located within the State of California) with a falsified wire confirmation form attached. |

All in violation of Title 18, United States Code, Section 1343.

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c))

16. For the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States hereby realleges and incorporates the factual allegations contained in paragraphs 1 through 15, to include Counts 1 through 5 of this Indictment.

17. Upon conviction of the offenses alleged in Counts 1 through 5, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, the defendant,

> ISAAC CHOI,
> a/k/a Yi Suk Choi,
> a/k/a Yisuk Choi,
> a/k/a Yi Suk Chae,
> a/k/a Isaac Chae,

shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the aforementioned offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and any property traceable to such property, including but not limited to a sum of money equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343.

18. If any of the property described above, as a result of any act or omission of the defendant, ISAAC CHOI:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

INDICTMENT 5

1     d. has been substantially diminished in value; or

2     e. has been commingled with other property that cannot be divided without difficulty;

3 the United States of America shall be entitled to forfeiture of substitute property (up to the value of the

4 property subject to forfeiture above) pursuant to Title 21, United States Code, Section 853(p), as

5 incorporated by Title 28, United States Code, Section 2461(c).

7 DATED: June 1, 2017                                            A TRUE BILL:

                                                                                              FOREPERSON

BRIAN J. STRETCH
United States Attorney

JEFF NEDROW
Chief, San Jose Branch Office

(Approved as to form: _____ )
                              AUSA Schenk

ANDREW WEISSMANN
Chief Fraud Section, Criminal Division
U.S. Department of Justice

Cory E. Jacobs
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice

L. Rush Atkinson
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice

INDICTMENT                                    6

AO 257 (Rev. 6/78)

**SEALED BY ORDER OF COURT**

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1343 (Wire Fraud);
18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) (Forfeiture)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment per count

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**DEFENDANT - U.S**
▶ Isaac Choi

DISTRICT COURT NUMBER
**CR 17 00308 EJD SVK**

FILED
JUN 01 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**DEFENDANT**

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    **BRIAN J. STRETCH**
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    **JEFF SCHENK/CORY JACOBS**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction    ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   If "Yes" give date filed
                          ☐ No

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments: