# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ISAAC CHOI,<br><br>　　　　Defendant. | Case No. 17-cr-00308 EJD (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: August 31, 2017 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of the defendant Isaac Choi, and the Court on August 31, 2017, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. This order sets forth the Court's findings of fact and conclusions of law as required by 18 U.S.C. § 3142(i). The Court finds that detention is warranted.

The defendant was present at the detention hearing, represented by his attorney Varell Fuller. The Government was represented by DOJ Trial Attorney Cory Jacobs.

The defendant is charged by indictment in this District with one felony count of wire fraud in violation of 18 U.S.C. § 1343. ECF 1. The defendant is presumed innocent of the

charge. *See* 18 U.S.C. § 3142(j).

The detention hearing was held publicly. Both parties were allowed an opportunity to call witnesses and to present evidence. Both parties presented their arguments by way of proffer through counsel. Both parties may appeal this detention order to the assigned trial judge, U.S. District Court Judge Edward J. Davila.

I. PRESUMPTIONS

There is no presumption of detention based on the charge.

II. REBUTTAL OF PRESUMPTIONS

The defendant has no presumption to rebut.

III. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows. The Court adopts the facts set forth in the Pretrial Services Reports prepared August 30 and an earlier report from Central District of California, supplemented by information presented at the hearing. The Court finds that the Government has established by more than a preponderance of the evidence that the defendant poses a risk of nonappearance that cannot be reasonably mitigated by any combination of conditions. The proffered evidence is that Choi, a U.S. citizen, lacks ties to this community and has minimal family ties at present within the United States, given that his wife lives in Korea and that he is estranged from his father and brother. He has a history of substantial international travel. He is not presently employed and does not have an established U.S. residence. The defense requested release to temporary (2-week) housing to be established in Los Angeles. The Court is not persuaded that temporary housing on an unsecured bond is sufficient protection against the risk of nonappearance. As to danger to the community, the Court finds that Choi poses a general risk given the economic crimes alleged, but that a combination of conditions could be imposed to mitigate the risk. Detention is ordered based on risk of nonappearance. The hearing may be reopened if additional evidence is presented.

## IV. DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: August 31, 2017

_____
Nathanael M. Cousins
United States Magistrate Judge