IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ISAAC CHOI,<br><br>  Defendant. | Case No.: CR 17-00308 EJD<br><br>**[PROPOSED]** ORDER RE: USE OF **DIGITAL TABLET IN CUSTODY** |

TO: GREGORY J. AHERN, THE SHERIFF OF ALAMEDA COUNT, AND TO THE ALAMEDA COUNTY SHERIFF'S OFFICE GLENN E. DYER DETENTION FACILITY:

Counsel for the defendant has represented that discovery in this case is voluminous, or is in a digital format that can only be efficiently reviewed by the defendant on a digital tablet. The Court therefore orders that Defendant Choi be permitted to use a digital tablet for the sole purpose of reviewing discovery and legal materials from the media storage device that relate to his/her criminal case, under the following conditions:

1. The Technical Support Unit of the Alameda County Sheriff's Office ("ACSO") will provide the make, model, and specifications required for the digital tablet. Password-protected software will be installed to lock down the tablet, and prevent access to the internet or any and all wireless communication (including but not limited to, WI-FI, LTE, 4G, etc.), games or entertainment programs of any kind. The digital tablet, and any media storage device provided to be installed into the tablet (such as a SD or micro-SD card)

shall contain no image or files other than discovery, case law, and work product relevant to the criminal case;

2. The digital tablet, media storage device, headphones, and charging unit shall be purchased by retained or appointed counsel. The digital tablet, lockdown software, and installation protocol must be that specifically identified by the Office of the Federal Public Defender for the Northern District of California, as approved by the Technical Support Unit of the ACSO. Only tablets procured with the assistance of the Federal Public Defender will be permitted;

3. Discovery, case law, and work product relevant to the criminal case will be stored only on the media storage device (such as a SD or micro-SD card), and may not be loaded on the digital tablet;

4. Staff at Glenn Dyer will provide only the tablet, with the media storage device installed, to the defendant. No power cord, or any other type of cord, will be provided to the defendant;

5. Before the digital tablet is provided to the defendant, it will be inspected to ensure that its internet lockdown software is operating properly and that the tablet is secure;

6. Counsel for the defendant will provide staff at Glenn Dyer a digital media device (such as a SD or micro-SD card) loaded with discovery or case materials. Counsel may request that these cards be rotated, with new cards containing updated discovery and case materials. Updated cards will be installed in the tablet by Glenn Dyer staff, and the previous cards will be returned to defense counsel for re-use. Counsel may not load digital media devices (SD cards or micro-SD cards) directly into the tablet without going through Glenn Dyer Staff, and may not provide digital media directly to the defendant. Tablets and digital media devices may only be provided through Glenn Dyer staff;

7. Glenn Dyer staff are authorized to scan the contents of the digital tablet and media storage devices provided (such as SD or micro-SD cards), to ensure they do not contain contraband; if the security measures of the tablet are suspected of being breached, the ACSO will conduct a security assessment of the tablet, confiscate the tablet, secure the

tablet, and notify the United States Marshal's Service (USMS). The USMS will be responsible for notifying the appropriate law enforcement agency if criminal activity is suspected.

8. The digital tablet will be stored in the office of the housing floor deputy and/or in the Inmate Services' office. The tablet will be secured and charged at that location, and will be accessible to Defendant Choi in the housing unit at the Sheriff's sole discretion;

9. Neither the Sheriff's Office nor the County of Alameda will be responsible for any damage to the digital tablet;

10. Defendant Choi shall use the digital tablet for the sole purpose of reviewing discovery and legal materials from the media storage device that relate to his/her criminal case. Defendant CHOI shall not share the digital tablet, the digital storage device, or the materials loaded onto the tablet or digital storage device, with any other inmate, or with any attorney not appointed to this case, without an order of this Court. Defendant Choi shall not access, or attempt to access, the internet or any form of wireless communication (including, but not limited to, WI-FI, LTE, 4G, etc.) with the device;

11. Before Defendant Choi is provided with this digital tablet, he must execute a waiver (a copy of which has been provided to and reviewed by defense counsel);

12. Any violation of this order by the defendant, or any use of the tablet that jeopardizes jail security, will result in the immediate confiscation of the digital tablet by the ACSO and the inmate shall not be allowed to use the tablet;

13. Among other consequences, any violation of the limitations of this order by counsel may result in the loss of visiting privileges for counsel at the Glenn E. Dyer detention facility.

IT IS SO ORDERED.

Dated: 9/7/2017

HON. SUSAN VAN KEULEN
United States Magistrate Judge

ORD. DIGITAL TABLET CUSTODY
*CHOI*, CR 17-308 EJD

3