STEVEN G. KALAR
Federal Public Defender
VARELL L. FULLER
MARA K. GOLDMAN
Assistant Federal Public Defenders
55 South Market Street, Suite 820
San Jose, CA 95113
Telephone:  (408) 291-7753
varell_fuller@fd.org
mara_goldman@fd.org

Counsel for Defendant ISAAC CHOI

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>  v.<br><br>ISAAC CHOI,<br><br>             Defendant. | No. CR-17-00308 EJD<br><br>**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**<br><br>Date:  November 30, 2017<br>Time: 1:30 p.m.<br>Hon. Edward J. Davila |

## <u>NOTICE OF MOTION AND MOTION</u>

TO:    ASSISTANT UNITED STATES ATTORNEY JEFFREY B. SCHENK; DEPARTMENT OF JUSTICE TRIAL ATTORNEY CORY E. JACOBS; AND THE CLERK OF THE ABOVE-ENTITLED COURT

      PLEASE TAKE NOTICE that on Thursday, November 30, 2017, at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Edward J. Davila, defendant Isaac Choi, by and through counsel, shall move this Court for an order pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure requiring the government to file a bill of particulars to: (1) identify the specific "money or property" that is the object of the alleged scheme to defraud,

including the amount of actual or intended loss; (2) identify the alleged victims of the scheme to defraud, and clarify which alleged victims, if any, are referred to in the section of the indictment entitled "The Scheme to Defraud"; and (3) specifically identify the allegedly false statements referred to in paragraphs 1 through 14 of the indictment, specifying for each statement the victim(s) the statement was intended to cause to part with money or property.

This motion shall be made on the ground that the failure to include this information in the indictment renders Mr. Choi unable to adequately prepare for trial.  It shall be based upon this notice of motion and motion, the attached memorandum of points and authorities, the case file and record, and such argument and evidence as may be presented at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Mr. Isaac Choi is charged in a five-count indictment with wire fraud, in violation of 18 U.S.C. § 1343.  To obtain a conviction, the government will have to prove that Mr. Choi specifically intended to deprive his victims of money or property.  *See United States v. Treadwell*, 593 F.3d 990, 996 (9th Cir. 2010) (citations omitted).  Here, the indictment fails to identify the victims, the money, or the property.  Without this information, Mr. Choi is unable to adequately prepare to defend himself at trial.  For this reason, the defense respectfully requests that the Court exercise its broad discretion under Rule 7(f) to require the government to file a bill of particulars.

### BACKGROUND[1]

In late 2015 or early 2016, Isaac Choi founded WrkRiot, using his own money as starting capital.  WrkRiot was a start-up technology company that used artificial intelligence to help job seekers identify employment opportunities.  It is undisputed that WrkRiot was a legitimate company with an actual product.  Like many Silicon Valley start-ups, WrkRiot grew quickly.  And like many Silicon Valley start-ups, WrkRiot's funding did not always keep pace with its

---

[1] Unless otherwise indicated, this recitation is based on the discovery and the allegations in the indictment.  The defense does not concede the accuracy of any alleged facts.

NO. CR-17-00308 EJD
MOTION FOR BILL OF PARTICULARS            2

growth.  In July of 2016, a shortage of funds left WrkRiot temporarily unable to make payroll.

As a result, some employees were not paid on time.  Significantly, there is no allegation that Mr.

Choi had diverted that money, or any other funds, from the company for his personal use.

When employees raised the issue of the missed paychecks with Mr. Choi, he said that the

money would soon be wired directly to employees' bank accounts.  On August 4, 2016, Mr. Choi

sent e-mails to employees indicating that their money was forthcoming.  Attached to the e-mails

were wire transfer confirmation forms which purported to show that the money had, in fact, been

transferred to the employees' accounts.  An intern quickly realized that the supposed

confirmation forms were fakes – apparently, a form had been downloaded from the Internet and

then photoshopped.[2]  The WrkRiot employees did not receive their money until late August or

early September.

Nearly a year later, the grand jury indicted Mr. Choi on five counts of wire fraud, with

the August 4, 2016 e-mails serving as the "interstate wire communications."

## THE INDICTMENT

### I.    The Alleged Scheme to Defraud

The indictment alleges that Mr. Choi engaged in the following scheme to defraud:

> From at least in or around November 2015 and continuing through at least in
> or around September 2016, defendant CHOI devised, intended to devise,
> and executed a scheme to (a) recruit various WrkRiot employees and to
> obtain money from WrkRiot employees under false pretenses and promises
> regarding the financial support for and stability of WrkRiot; and (b)
> maintain the employment of various WrkRiot employees by falsely claiming
> to have paid their earned salaries, bonuses, and other compensation.

*See* Indictment ¶ 4.

### II.   The Manner and Means of the Alleged Scheme

According to the indictment, the manner and means of the alleged scheme included the

following:

---

[2] Although the photoshopping appears to have been fairly amateurish, several employees have
stated that they do not believe Mr. Choi had the skills needed to create the fake forms himself.

- Beginning in December of 2015, Mr. Choi made false claims on unspecified dates to unidentified "investors and employees" about the amount of money he had personally invested in the company.  *See* Indictment ¶ 5.

- When unidentified employees determined on some unspecified date(s) that the company had less money than Mr. Choi claimed to have invested, Mr. Choi said that the money he had pledged was not immediately available and that he had other sources of funding, which did not materialize.  *See* Indictment ¶ 6.

- On "multiple occasions," Mr. Choi induced unidentified employees to loan money or invest in the company by claiming that the money he was personally investing was forthcoming.  In this manner, Mr. Choi obtained "hundreds of thousands of dollars from his own employees."  *See* Indictment ¶ 7.

- In the course of recruiting and fundraising, Mr. Choi misled unidentified individuals about his education and work history.  *See* Indictment ¶ 8.

- In or around July of 2016, Mr. Choi failed to pay "various" unidentified WrkRiot employees their salaries and other compensation, and gave unspecified "false explanations" about the delay.  *See* Indictment ¶ 9.

- In or around July of 2016, Mr. Choi asked unidentified employees for their banking information so he could wire their missed wages directly into their accounts, but as of the beginning of August, the employees had not yet been paid.  *See* Indictment ¶ 10.

- On August 4, 2016, Mr. Choi e-mailed employees to tell them that their pay was forthcoming via electronic fund transfer.  Attached to these e-mails were forged wire transfer confirmations, which were intended to "induce WrkRiot employees to continue working for the company without being paid."  *See* Indictment ¶ 11.

- After sending the August 4, 2016 e-mails, Mr. Choi asked unidentified employees to confirm they had received the e-mails.  *See* Indictment ¶ 12.

III.    **The Alleged Wire Fraud**

Mr. Choi is charged with five counts of wire fraud.  Each count alleges that on August 4, 2016, Mr. Choi sent an e-mail via an out-of-state computer server to a WrkRiot employee with a falsified wire confirmation form attached.  *See* Indictment ¶15.

Count One alleges that Mr. Choi sent an e-mail to WrkRiot Employee 1 (J.L.); Count 2 alleges that he sent an e-mail to WrkRiot Employee 2 (X.Q.); Count 3 alleges that he sent an e-mail to WrkRiot Employee 3 (L.J.); Count 4 alleges that he sent an e-mail to WrkRiot Employee 4(R.B.); and Count 5 alleges that he sent an e-mail to WrkRiot Employee 5 (A.H.).[3]

**PARTICULARS SOUGHT**

1.    Identification of the specific "money and property" that were the object of the alleged scheme to defraud, including the amount of actual or intended loss.

2.    Regarding the alleged victims: (a) clarification of whether J.L, X.Q., L.J., R.B., and A.H. are alleged victims; (b) identification of any additional alleged victims; and (c) clarification of which victim(s), if any, are included in the "various" investors, employees, and individuals referred to in paragraphs 5 through 12 of the Indictment.

3.    Identification of the specific false statements referred to in paragraphs 1 through 14 of the Indictment, including identification of: (a) the person(s) to whom each statement was made and the person(s) the statement was designed to deprive of money or property; (b) the way in which the government alleges each statement to be false; and (c) the approximate date on which each statement was made.

**ARGUMENT**

I.    **A Defendant is Entitled to a Bill of Particulars Whenever the Indictment Fails to Provide the Information Necessary to Effectively Prepare a Defense**

It is "axiomatic that a criminal defendant should be given enough information about the offense charged so that he may prepare adequately for trial."  *United States v. Rogers*, 617 F. Supp. 1024, 1027 (D. Colo. 1985) (citations omitted).  When an indictment fails to provide that

---

[3] Although the indictment refers to these employees only as WrkRiot Employees 1 through 5, the government has advised the defense of the identities of these employees and has agreed that the employees may be referred to by their initials.

information, Rule 7(f) of the Federal Rules of Criminal Procedure "specifically empowers the trial court to direct the government to file a bill of particulars." *Will v. United States*, 389 U.S. 90, 98 (1967) (citations and footnote omitted).  District courts "have always had very broad discretion in ruling upon requests for such bills," *id.* at 99, and it is appropriate to exercise that discretion any time a bill of particulars is necessary to "apprise the defendant of the specific charges being presented, to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

The key issue for the court in deciding whether to grant a motion for a bill of particulars "is not what the defendant knows but what the government intends to prove. . . . Since the defendant is presumed to be innocent and may well be innocent in fact of the charge, he also should be presumed ignorant of the facts on which the charges are based." Wright & Leipold, *Federal Practice and Procedure: Criminal* § 130 (4th ed. 2008).  For this reason, it is no defense to a motion for a bill of particulars that "the defendant knows what the government alleges that he did and with whom he dealt and therefore has all of the information he needs"; not only is such an argument "inconsistent with the presumption of innocence, but it smacks of gamesmanship." *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998).

## II.   Mr. Choi is Entitled to a Bill of Particulars Identifying the "Money and Property" that he Allegedly Sought to Fraudulently Obtain

To obtain a conviction for wire fraud, the government must prove that Mr. Choi acted with the specific intent to "'deprive another of *money or property*[4] by means of false or fraudulent pretenses, representations, or promises.'" *United States v. Treadwell*, 593 F.3d 990, 996 (9th Cir. 2010) (quoting *Carpenter v. United States*, 484 U.S. 19, 27 (1987)) (emphasis added); *see also United States v. Thomas*, 32 F.3d 418, 420 (9th Cir. 1994) ("[T]he defendant must have intended to deprive his victims of money or property."); *United States v. Binday*, 804 F.3d 558, 569 (2d Cir. 2015) (Essential elements of mail fraud and wire fraud are "(1) a scheme

---

[4] The definition of "scheme or artifice to defraud" also includes a scheme to "deprive another of the intangible right of honest services," *see* 18 U.S.C. § 1346, but the Supreme Court has limited "honest services" to bribery and kickback schemes, *see Skilling v. United States*, 561 U.S. 358 (2010).

to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme") (citations omitted).

In this case, the indictment alleges that Mr. Choi devised a scheme "to obtain money and property," *see* Indictment ¶¶ 4, 14, but fails to indicate what that "money and property" might be. For example, the indictment asserts that Mr. Choi used false pretenses to recruit and retain employees. *See* Indictment ¶ 4. Assuming that the government could prove this, the indictment fails to disclose how recruiting and retaining employees constitutes a scheme to defraud them of either money or property. Elsewhere, the government alleges that on "multiple occasions" Mr. Choi induced unnamed employees to loan money or invest in the company. *See* Indictment ¶ 7. Are these loans and investments the money that Mr. Choi schemed to obtain? Mr. Choi cannot defend against a charge that he schemed to obtain money and property if he does not know what money and property he is charged with scheming to obtain. For this reason, district courts routinely direct the government to file a bill of particulars where, as here, the money or property that is the object of the scheme is not specifically identified. *See, e.g., Trie*, 21 F. Supp. 2d at 22 (ordering bill of particulars where preparation of a defense "requires that [the defendant] know sufficiently specific information concerning the property allegedly obtained to adequately identify it"); *United States v. Arnold*, – F. Supp. 3d –, 2016 WL 5724312 (M.D. Tenn. Sept. 30, 2016), at *2 (ordering government to identify "what is the 'money or property' obtained").

## III. Mr. Choi is Entitled to a Bill of Particulars Identifying the Alleged Victims

When a defendant is unable to identify the alleged victims, a bill of particulars is appropriate. *See, e.g., United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 944 (N.D. Ill. 2001) (ordering the government to file a bill of particulars identifying, *inter alia*, all of the alleged victims); *United States v. Trumpower*, 546 F. Supp. 2d 849, 852 (E.D. Cal. 2008) (same). As the district court explained in *Vasquez-Ruiz*, a defendant "is entitled to know prior to trial certain basic matters," and "[t]here is no good reason to require the defendant to engage in guesswork to determine who the victims of the offense were." *Vasquez-Ruiz*, 136 F. Supp. 2d at 943; *see also United States v. Lonich*, 2016 WL 324039 (N.D. Cal. Jan. 27, 2016), at *7 (noting that a

1   defendant "is entitled to assurance that the indictment and prosecution [are] in fact for the same

2   violations" involving the same victims).[5]  In this regard, the government's compliance with its

3   obligations under Rule 16 and the Jencks Act is necessary but not sufficient; "such material may

4   not be automatically relied on by the Government as an adequate substitute for a straightforward

5   identification in a bill of particulars of the identity of the victims of the offenses that the

6   prosecution intends to prove."  *United States v. Davidoff*, 845 F.2d 1151, 1155 (2d Cir. 1988).

7           Here, the indictment makes vague references to "various WrkRiot employees," *see*

8   Indictment ¶¶ 4, 9, 12; unspecified "investors and employees," *see* Indictment ¶ 5; unidentified

9   "others," *see id.*; "certain employees," *see* Indictment ¶ 6; unspecified "WrkRiot employees," *see*

10  Indictment ¶ 7; and unidentified "individuals," *see* Indictment ¶ 8.  It is not clear whether these

11  unnamed employees, investors, and individuals are alleged victims; assuming they are alleged

12  victims, the defense has no way of identifying them.

13          The defense assumes that WrkRiot Employees 1 through 5 are alleged victims, although

14  they are not identified as such.  But there is no indication whether WrkRiot employees 1 through

15  5 are referred to in paragraphs 4 through 12 and, if so, which employees are referred to in which

16  paragraphs.  Because Mr. Choi cannot prepare to defend himself without this information, a bill

17  of particulars is warranted.

18  **IV.    Mr. Choi is Entitled to a Bill of Particulars Specifically Identifying the Allegedly**
        **False Statements**
19

20          "A defendant faced with false statements charges should not have to waste precious

21  pretrial preparation time guessing which statements he has to defend against," especially when

22  "the government knows precisely the statements on which it intends to rely and can easily

---

23  [5] In *Lonich*, the indictment referred to the victims as "Sonoma Valley bank *and others*."  *Lonich*,
24  2016 WL 324039 at *7 (emphasis in original).  Characterizing the indictment as unacceptably
    "open-ended and unclear as to the number of victims," the court granted the defendant's motion
25  to strike "and others" from the indictment.  *Id.*  Because the granting of the motion to strike
    resulted in an indictment that clearly identified the victim as Sonoma Valley bank, the court saw
26  no need to grant the defendant's alternative request for a bill of particulars.  The court took a
    similar approach in *United States v. Manginen*, 565 F. Supp. 1024, 1025 (E.D. Va. 1983).
27  Depending upon the outcome of the instant motion, Mr. Choi reserves the right to file a motion
    to strike.
28

1  provide the information." *Trie*, 21 F. Supp. 2d at 21; *see also United States v. Anderson*, 441 F.

2  Supp. 2d 15, 20 (D.D.C. 2006) (noting that a defendant "should not have to guess which false

3  statements he has to defend against while he prepares for trial").  For this reason, trial courts

4  have consistently ordered the government to file a bill of particulars identifying "exactly what

5  the false statements are," *Trie*, 21 F. Supp. 2d at 21; the approximate date on which the

6  statements were made," *Anderson*, 411 F. Supp. 2d at 20; and "the way in which the government

7  alleges [the statements] to be false," *id.  See also Trumpower*, 546 F. Supp. 2d at 852 (ordering

8  government to file a bill of particulars identifying "the particular false material representations").

9          In this case, the government has alleged that on August 4, 2016, Mr. Choi e-mailed a

10  "falsified confirmation form" to WrkRiot Employees 1 through 5.  *See* Indictment ¶ 15.  The

11  falsified confirmation forms are not the only false statements mentioned in the indictment,

12  however.  Instead, the indictment makes repeated references to vaguely identified categories of

13  statements, made to unspecified individuals on unspecified dates. [6]  For example, in ¶ 9, the

14  indictment alleges that Mr. Choi "offered various false explanations" to unidentified employees

15  about why they had not been paid.  The government does not identify the explanations, nor does

16  it explain how these explanations were false.  Similarly, in ¶ 7, the indictment alleges that Mr.

17  Choi made "false representations about the company's financial health and his own ability to

18  financially support" the company, but it does not identify the false representations, nor does it

19  specify what about the representations was false, when they were made (other than "[o]n

20  multiple occasions"), or to whom.

21  //

22  //

23  //

24  //

25  //

26

27  [6] Although paragraphs 4 through 14 are in the section entitled "The Scheme to Defraud," they
    are incorporated by reference into Counts One through Five.  *See* Indictment ¶ 15.

28

1

**CONCLUSION**

2          For the reasons set forth above, Mr. Choi respectfully requests that the Court order the

3    government to file a bill of particulars.

4

5    Date:  October 30, 2017                              Respectfully submitted,

6                                                         STEVEN G. KALAR
                                                          Federal Public Defender
7
                                                                /s/
8
9                                                         VARELL L. FULLER
                                                          Assistant Federal Public Defender
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28