STEVEN G. KALAR
Federal Public Defender
VARELL L. FULLER
MARA K. GOLDMAN
Assistant Federal Public Defenders
55 South Market Street, Suite 820
San Jose, CA 95113
Telephone: (408) 291-7753
varell_fuller@fd.org

Counsel for Defendant CHOI

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ISAAC CHOI,<br><br>　　　　　　　Defendant. | No. CR-17-00308 EJD<br><br>**DEFENDANT'S REPLY RE: MOTION FOR BILL OF PARTICULARS** |

## INTRODUCTION

Isaac Choi has a Sixth Amendment right to fair notice of the charges against him. Consistent with this right, Mr. Choi is entitled to be informed of the government's theory of the case. The government concedes that Mr. Choi is entitled to know its theory of the case, but insists that there is no need for a bill of particulars, because the indictment is "straightforward" and the government has produced a large quantity of discovery. In truth, neither the indictment nor the discovery provides Mr. Choi with answers to the most basic questions about the charges. After reviewing the indictment, the discovery, and the government's opposition brief, Mr. Choi is no closer to identifying the money or property the government he allegedly sought to obtain;

the victims from whom he sought to obtain it; or the false statements he made in his effort to do so. Without this basic information, Mr. Choi cannot prepare for trial. The motion for a bill of particulars should be granted.

**ARGUMENT**

**I.     The Indictment Does Not Inform Mr. Choi of the Government's Theory of the Case**

As the government concedes, Mr. Choi is "entitled to know the government's theory of the case." *See* Gov't Opp. at 5:18-20 (citing *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986)). Yet the government refuses to provide Mr. Choi with basic information of the sort that is routinely provided by prosecutors in this district, either in the indictment or in a bill of particulars. The questions Mr. Choi is asking are fundamental ones: What money or property did Mr. Choi seek to obtain? From whom? What were the false statements and how are they material?[1]

**A.     The Government Has Failed to Identify the "Money or Property" at Issue**

Unless Mr. Choi sought to defraud someone of money or property, there is no federal crime. *See United States v. Treadwell*, 593 F.3d 990, 996 (9th Cir. 2010) (citations omitted). The government claims that the indictment is "straightforward," but nowhere does the indictment identify the money or property that Mr. Choi is alleged to have sought to obtain. The government's opposition brief is equally unhelpful. According to the government, Mr. Choi sought to cause unspecified "individuals" to "engage in various conduct, including declining or passing up alternate employment opportunities to work for the defendant; to continue working for the defendant after the defendant's fraud began coming to light; and to loan money to the defendant for investment in the defendant's company." Gov't Opp. at 6:20-23.

---

[1] Part of the defense's confusion may stem from the fact that this prosecution bears little resemblance to the typical federal wire fraud case. *See* U.S. Attorney's Manual ¶ 9-43.100, available at www.justice.gov/usam/usam-9-43000-mail-fraud-and-wire-fraud ("Prosecutions of fraud ordinarily should not be undertaken if the scheme employed consists of some isolated transactions between individuals, involving minor loss to the victims, in which case the parties should be left to settle their differences by civil or criminal litigation in the state courts."). This case, which seems to be based primarily on employer/employee disputes that arose when Mr. Choi's startup company ran out of funds, would seem to fall squarely in that category.

Is the government alleging that "alternate employment opportunities" are money or property? The defense is unaware of any case law that would support this novel theory. Alternatively, if the loans Mr. Choi obtained for the company are the "money" at issue, it is unclear how these loans can form the basis of a federal wire fraud charge. Assuming that the victims are the five employees referred to Counts One through Five,[2] only one – J.L. – ever loaned money to the company, and that transaction was complete more than a month before Mr. Choi allegedly used the wires to email the fake confirmation forms. *See* Declaration of Counsel in Support of Motion for Bill of Particulars ("Fuller Decl.") at ¶5. This loan cannot form the basis of a wire fraud charge, however, because "the government may not prevail without demonstrating that the mailings [or use of the wires][3] were incident to the execution of the scheme, rather than part of an after-the-fact transaction that, although foreseeable, was not in furtherance of the defendant's scheme." *United States v. Lo*, 231 F.3d 471, 478 (9th Cir. 2000); *see also Manarite*, 44 F.3d at 1412 (where defendants submitted falsified credit application to obtain $5,000 of chips at a casino, the scheme was completed "when they cashed the chips," not when the mails were subsequently used to process the falsified application).

### B. The Government Has Failed to Identify the Alleged Victims

District courts have consistently held that a bill of particulars is appropriate when a defendant is unable to identify the alleged victims of the offense. *See, e.g., United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 944 (N.D. Ill. 2001); *United States v. Trumpower*, 546 F. Supp. 2d 849, 852 (E.D. Cal. 2008); *see also United States v. Lonich*, 2016 WL 324039 (N.D. Cal. Jan. 27, 2016) (granting motion to strike unacceptably "open-ended and unclear" references to victims as "and others"). Despite offering no authority to the contrary, the government continues to refuse to identify the alleged victims, instead referring to unidentified then-

---

[2] Because the government refuses to identify the alleged victims, there is no way for the defense to know which loan or loans the government is referring to.

[3] Because "[t]he mail fraud and wire fraud statutes 'share identical language' regarding the scheme requirements," the "wire fraud statute is read in light of the case law on mail fraud." *United States v. Manarite*, 44 F.3d 1407, 1411 n.5 (quoting *United States v. Louderman*, 576 F.2d 1383, 1387 n.3 (9th Cir. 1978)).

employees "and others," precisely the approach that was disapproved of by Judge Illston in *Lonich*. The government should be ordered to identify the alleged victims of the scheme to defraud.

### C. The Government Has Failed to Identify the False Statements

District courts routinely order the government to identify the particular false statements underlying a scheme to defraud because a defendant "should not have to guess which false statements he has to defend against while he prepares for trial." *United States v. Anderson*, 441 F. Supp. 2d 15, 20 (D.D.C. 2006); *see also Trie*, 21 F. Supp. 2d at 21; *Trumpower*, 546 F. Supp. 2d at 852. The government contends that there is no need to identify the particular false statements in this case, however, because a "plain reading" of the indictment makes it "apparent" that "the false statements related to the defendant's scheme to defraud that the government intends to prove at trial involve false and misleading statements the defendant made to WrkRiot employees referred to in the Indictment." *See* Gov't Opp. at 4:24-27. In other words, the false statements that Mr. Choi used are the ones that the government will prove he used. Needless to say, this explanation provides no guidance at all. Nor is it sufficient to direct Mr. Choi to the "false and misleading statements" that are "referred to in the Indictment." *See id.* While the indictment does refer to broad categories of false statements, it does not identify the particular statements, the approximate date on which they were made, or the individual(s) to whom they were directed. These omissions are exacerbated by the government's failure to identify the alleged victims and the money or property that is the subject of the alleged scheme.

### II. The Government Does Not Satisfy the Requirements of Rule 7 Simply by Producing a Large Quantity of Discovery

The government argues that it does not need to provide a bill of particulars because has given Mr. Choi a large quantity of discovery. *See* Gov't Opp. at 7:11-8:10. As the courts have repeatedly recognized, however, "it is not a sufficient response to a motion for a bill of particulars to point to the voluminous discovery already provided or to a governmental open file policy." *United States v. Anderson*, 441 F. Supp. 2d 15, 19 (D.D.C. 2006); *see also United*

*States v. Bortnovsky*, 820 F.2d 572, 757 (2d Cir. 1987) ("The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified[.]").  While there may be some circumstances in which a generous discovery will render a bill of particulars unnecessary, *see United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979), even the most generous discovery policy "is no substitute for adequate specification of the crimes with which [a defendant] is charged," *United States v. Trie*, 21 F. Supp. 2d 7, 21 n.12 (D.D.C. 1998).  On the contrary, the production of a large quantity of discovery may result in an even greater need for a bill of particulars, since "[e]xtensive discovery could make it difficult for [a defendant] to ascertain which precise discovery will be used against him." *United States v. Kaczynski*, 1997 WL 34626785 (E.D. Cal.  Nov. 7, 1997) at *19.

Here, the government has provided approximately 19,500 pages of what it characterizes as "organized volumes of discovery."  *See* Gov't Opp. at  2:2; Fuller Decl." at ¶ 3.  In fact, far from being organized, the discovery has been produced primarily as a series of unsearchable, individual TIF files, each of which must be converted into a PDF and then OCR'd.  *See* Fuller Decl. at ¶ 3. But even if the government *had* provided the discovery in "organized volumes," this would not obviate the need for a bill of particulars.  As the district court observed in *United States v. Johnson*, 225 F. Supp. 2d 982 (N.D. Iowa 2002):

> Although the government has not simply dumped an undifferentiated mass of information upon the defendant, but has instead attempted to organize the materials in the file by time and topic to make the file "user friendly," these efforts may not be sufficient to permit the defendant to prepare a defense to the charges . . . . [T]he sheer volume and complexity of the information in this case may make particularly hard to distinguish the specific offenses charged form the general category of offenses defined by the statute.

*Id.* at 999-1000.  In the present case, a careful review of the discovery has left the defense no closer to understanding the specific charges against Mr. Choi.  *See* Fuller Decl. at ¶ 4.[4]  Unlike

---

[4] The government accuses Mr. Choi of improperly using the bill of particulars motion as a discovery device.  *See* Gov't Opp. at 7:1-2.  While the defense does believe that the government has not yet complied with its discovery obligations under Rule 16, the defense agrees that this

the typical mail/wire fraud case, there is no suggestion that Mr. Choi diverted funds for his personal use and no suggestion that the company was a sham.  The fake wire confirmation forms do not appear to be part of a wide-ranging scheme to defraud or, more particularly, part of a scheme to obtain money or property from anyone.

## CONCLUSION

Contrary to the government's assertions, Mr. Choi is not trying to "know all the evidence the government intends to use," or obtain information "well-beyond that contemplated under Fed. R. Crim. P. 16, *Jencks*, *Giglio*, or any other discovery-related concept."  He is simply trying to find out what he is charged with.  Unless he knows the money or property that is the object of the alleged scheme, the victims from whom he allegedly sought to obtain that money or property, and the false statements he used to do so, there is no way for Mr. Choi to prepare his defense. For this reason, he respectfully requests that his motion for a bill of particulars be granted.

Date:  November 17, 2017

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender

_____/s/_____
VARELL L. FULLER
Assistant Federal Public Defender

---

motion is not the mechanism for pursuing that issue, and anticipates filing a discovery motion with the magistrate court in the near future.