UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ISAAC CHOI,<br>　　　　Defendant. | Case No. 5:17-cr-00308-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS**<br><br>Re: Dkt. No. 23 |

### I.   INTRODUCTION

Defendant Isaac Choi is charged with five counts of wire fraud in violation of 18 U.S.C. § 1343, stemming from his alleged use of false information to obtain money from employees and to maintain their employment.  Presently before the court is Defendant Isaac Choi's Motion for a Bill of Particulars, which the court heard over three days: November 30th, December 6th and December 20, 2017.  Dkt. No. 23.  Having considered the pleadings and arguments of counsel, Defendant's motion will be denied for the reasons explained below.

### II.   LEGAL STANDARD

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the government to file a bill of particulars."  A bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense and is "designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy."  United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983); United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984).  The decision to require a bill of particulars is within a trial court's discretion, which is broad under these circumstances.  Long,

Case No.: 5:17-cr-00308-EJD
ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS
1

706 F.2d at 1054; Will v. United States, 389 U.S. 90, 99 (1967).

The Ninth Circuit has held that when deciding whether to order a bill of particulars, "a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." Id. However, "[a] defendant is not entitled to know all the [e]vidence the government intends to produce." United States v. Giese, 597 F.2d 1170, 1181 (9th Cir. 1979) (internal citations omitted). Instead, the purpose of a bill of particulars is served when "the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense." Mitchell, 744 F.2d at 705.

### III. DISCUSSION

At the initial hearing on the motion, Defendant argued the Government had failed to identify several categories of information, including: (1) the money or property Defendant allegedly sought to obtain, (2) the victims from whom he sought to obtain it, and (3) the false statements he allegedly made in his effort to do so. As to the second category, the Government indicated it had identified the five victims pursuant to a request by Defendant, and had provided the FBI "302's" related to all victims and witnesses involved in the case.

As to the first and third categories, Defendant argued he must be advised of each and every allegedly false statement the Government intends to use in its case against him. Though the Government indicated it had provided substantial discovery to the Defendant, including email records, financial records and search warrant returns, Defendant stated he had reviewed these items but could not determine the money or property connected to any alleged scheme to defraud employees through email. The Government therefore offered to prepare and provide to Defendant a chart indicating witnesses and discovery that would identify the statements and conduct the Government would use to establish the manner and means of the alleged scheme. Since Defendant indicated such a chart might assuage his concerns, the court continued the matter to allow for disclosure of the chart and to permit the parties to meet and confer further.

At the most recent hearing, the Government indicated it had prepared the aforementioned chart and had provided it to Defendant. The Government also stated it had provided additional

witness statements to assist the defense.  Defendant indicated the newly-disclosed answered many of the questions raised in his motion, but also stated he still lacked clarity on the any allegedly false statements and their nexus to conduct the Government would seek to prove at trial.

The court sought clarification from the Government, and noted paragraphs 7 and 8 of the Indictment.  Following questioning by the court, the Government indicated the statements appearing in Paragraphs 7 and 8 of the Indictment form the core of its case against Defendant.

Consequently, the court now finds the Indictment, the discovery provided to Defendant, and the representations made by the Government at the motion hearing, when taken together, properly and fully inform Defendant of the charges against him, are sufficient to avoid surprise at trial and to fully enable Defendant to prepare a defense, and are sufficient to prevent double jeopardy.

## IV. ORDER

Based on the foregoing, Defendant's Motion for a Bill of Particulars (Dkt. No. 23) is DENIED.

**IT IS SO ORDERED.**

Dated:  December 29, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cr-00308-EJD
ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS
3