ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    jeffrey.b.schenk@usdoj.gov

SANDRA L. MOSER
Acting Chief, Criminal Division, Fraud Section

BENJAMIN D. SINGER
Deputy Chief, Criminal Division, Fraud Section

CORY E. JACOBS (NYBN 4761953)
Trial Attorney, Criminal Division, Fraud Section

    1400 New York Avenue, N.W.
    Washington, D.C. 20530
    Telephone: (202) 616-4994
    cory.jacobs@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) CR-17-00308-EJD |
| ISAAC CHOI, | ) |
|     a/k/a Yi Suk Choi, | ) UNITED STATES' SENTENCING |
|     a/k/a Yisuk Choi, | ) MEMORANDUM |
|     a/k/a Yi Suk Chae, | ) |
|     a/k/a Isaac Chae, | ) Sentencing Date:  May 24, 2018 |
| | ) Time:  9:00 A.M. |
|     Defendant. | ) Court:  Hon. Edward J. Davila |

The defendant, Isaac Choi ("Choi"), is scheduled to be sentenced on May 24, 2018. On February 5, 2018, Choi pleaded guilty to Count One of the Indictment charging him with wire fraud, under 18 U.S.C. § 1343, pursuant to a written plea agreement ("Plea Agreement") tendered to the Court under

Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B).

In advance of the sentencing hearing, the United States (the "Government") files this sentencing memorandum ("Memorandum") to address the offense conduct and its calculation of the sentencing guidelines, as well as to advise the Court of its sentencing recommendation.

For the reasons set forth herein, the Government recommends that this Court impose a split-sentence as described below – as such sentence is within the United States Sentencing Guidelines ("U.S.S.G."), and is provided for in this case under Zone C of the sentencing table and U.S.S.G § 5C1.1(d) – combined with a three-year term of supervised release, and restitution in the amount of $91,376.04[1] to certain of Choi's victims for all of their losses attributable to his criminal conduct.  Under the circumstances here, the Government respectfully submits that such sentence is just and reasonable.

**I.    Offense Conduct**

Choi was the founder and Chief Executive Officer of a Silicon Valley-based start-up technology company known formally as 1ForOne.Corporation, which initially did business as JobSonic, but was later and better known publicly as WrkRiot.  Choi founded the company in or around December 2015 and January 2016.  While attempting to recruit potential employees, Choi made false and misleading statements about various topics, including his educational and professional history, and the amount of his wealth.  In truth, Choi never graduated from nor attended any business school, including New York University, and Choi was never employed, in any capacity, by any financial institution, including any major New York financial institution.  Choi also exaggerated his wealth.  On or about August 4, 2016, while at WkRiot's office in Santa Clara, California, for the purpose of convincing his employees to continue to work for WrkRiot, Choi knowingly sent, via emails that traveled interstate, fourteen of his employees fake wire transfer documents purporting to reflect their salary payments from a U.S-based bank totaling approximately $169,283.93.  While Choi later paid nine of these fourteen employees their salary monies owed, approximately $91,376.04 for five employees' salaries remains unpaid to date.

---

[1] The amount of restitution is stipulated in the Plea Agreement.  A minor typographical error, however, is contained in the Plea Agreement.  The parties agree that restitution should be $91,3<u>76</u>.04 (as reflected on page 2 of the Plea Agreement), rather than $91,3<u>67</u>.04 (as reflected on page 3 of the Plea Agreement).

## II. Guidelines Calculations

Under the U.S.S.G, which are advisory after the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), Choi has a total offense level of 13. [PSR at ¶¶ 29-38.]

Choi's base offense level is seven (7). [U.S.S.G. § 2B1.1 and PSR ¶ 30.] The base offense level is increased by six (6) levels, to thirteen (13), due to the amount of loss involved in the offense. [U.S.S.G. § 2B1.1(b)(1)(D) and PSR ¶ 31.] The offense level is increased by two (2) levels, to fifteen (15) due to Choi's role in the offense, in that he abused a position of private trust in a manner that significantly facilitated the commission and concealment of the offense. [U.S.S.G. § 3B1.3 and PSR ¶ 33.] Choi has demonstrated acceptance of responsibility for his crimes, and is therefore entitled to a two (2) level reduction for acceptance of responsibility. [U.S.S.G § 3E1.1 and PSR ¶ 37]. As such, Choi's total offense level is thirteen (13). [PSR ¶ 38].

### A. Zone "C" Sentences May Be Served as Split-Sentences

Here, the Probation Officer calculates that Choi has zero criminal history points and, consequently, falls into Criminal History Category ("CHC") I. [PSR ¶¶ 39-43.] Choi's total offense level of thirteen (13) indexed with his CHC of I yields a guideline range of 12 to 18 months imprisonment.

Given Choi's CHC and U.S.S.G. range, Choi falls within Zone C of the Sentencing Table. Zone C provides that this Court may sentence Choi to a split-sentence term of imprisonment and supervised release. In order to receive such sentence, Choi is required to serve at least one-half of his minimum U.S.S.G. term in custody and the remainder of the minimum term in either community confinement (e.g. a halfway house) or home detention. [U.S.S.G. § 5C1.1(d) and PSR ¶ 73]. Since the minimum term of Choi's U.S.S.G. range is 12 months, Choi must serve at least six (6) months in custody and the remainder in community confinement or on home detention to satisfy that requirement and be split-sentence eligible.

To date, Choi served nearly nine (9) months in custody and nearly three (3) months in a halfway house. As such, having served more than one-half of his minimum U.S.S.G. term (to wit, twelve (12) months) in custody and the remainder of the minimum term in a halfway house, Choi appears eligible for a split-sentence.

### B. Loss Calculation

The loss amount for which Choi is responsible is $91,376.04. This amount, between $40,000 and

$95,000, results in a six (6) level increase in Choi's base offense level under U.S.S.G. § 2B1.1(b)(1)(I). This loss amount represents the amount of money that Choi failed to pay certain of his employees in connection with Choi's misrepresentations. Under the Plea Agreement, Choi stipulated and agreed to this loss calculation, both for purposes of how it would impact his U.S.S.G. calculation, and also his restitution owed.

### III. Sentencing Recommendation

The Government respectfully submits that a split-sentence – which takes into consideration and credits Choi with the nearly nine (9) months of imprisonment he has served to date, along with the nearly three (3) months Choi spent in a halfway house, and combines that with his spending the next three (3) years under supervised release – is appropriate, not only from a punishment standpoint, but also a rehabilitative and preventative standpoint. *See* U.S.S.G. § 5C1.1(d). Choi also agreed in the Plea Agreement to pay restitution to certain victims for their losses attributable to his criminal conduct. Therefore, this Court should order Choi to pay restitution in the amounts listed in the Victim Impact portion of the PSR. [PSR ¶ 21].

#### A. 3553(a) Factors

The statute that governs imposition of sentence, 18 U.S.C. § 3553(a), sets forth factors this Court must consider in crafting a sentence that is "sufficient, but not greater than necessary" to comply with the objectives of sentencing. First, a sentencing court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. § 3553(a)(1) and (2)(A).

Upon its review of the PSR, the Government respectfully submits that a split-sentence, with Choi receiving credit for the months of imprisonment he has served to date, as well as the months he spent in a halfway house, along with three (3) years of supervised release, is reasonable under Choi's particular circumstances. Under this sentencing structure, guaranteeing that Choi is sentenced to three (3) years of supervised release ensures that Choi would be under supervision for potentially longer than if he simply served a maximum U.S.S.G. sentence of eighteen (18) months of imprisonment. The recommended split-sentence would punish Choi justly and adequately for his serious criminal conduct, while securing that for

the next three (3) years, Choi would be supervised and monitored during his integration and release back into the community.

Through his criminal conduct, Choi took advantage of the trust his victims placed in him and his company, WrkRiot. Once Choi's fraud came to light, he was exposed nationally, both in major newspapers and on the internet. A simple internet search for the name "Isaac Choi" produces several hits of news coverage about Choi's scam. Any individual doing any diligence on Choi in the future should undoubtedly learn of his crimes. Once caught and arrested by the FBI, Choi spent nearly the next nine (9) months in jail. During that time, nobody showed up to support Choi in court. Nobody showed up to post bond. Choi has now pleaded guilty and is a convicted criminal. If the Court imposes the Government's recommendation, Choi will spend the next several years under supervised release. Choi's name is now permanently and indelibly associated with his con.

For a first-time convict, the Government respectfully believes that the important aims of sentencing, including both general and specific deterrence, have been served, both by this case being brought and the tangible and intangible penalties imposed on Choi. Given that Choi spent nearly nine (9) months in jail and three (3) months in a halfway house, and – should the Court follow the Government's recommendation – would spend the next three (3) years under supervised release, the within-guidelines split-sentence respectfully recommended by the Government seems reasonable and appropriate.

**B. Restitution**

In the Plea Agreement, Choi agreed to pay a total of $91,376.04 in restitution to certain victims for their losses attributable to his conduct. As such, this Court should order Choi to pay restitution in the

amounts and to the victims identified in Victim Impact portion of the PSR. [PSR ¶ 21].

Dated: May 17, 2018

Respectfully submitted,

| SANDRA L. MOSER | ALEX G. TSE |
|---|---|
| Acting Chief | Acting U.S. Attorney |
| U.S. Department of Justice | U.S. Attorney's Office |
| Criminal Division, Fraud Section | Northern District of California |

| *s/ Cory E. Jacobs* | *s/ Jeff Schenk* |
|---|---|
| Cory E. Jacobs | Jeff Schenk |
| Trial Attorney | Assistant U.S. Attorney |
| U.S. Department of Justice | U.S. Attorney's Office |
| Criminal Division, Fraud Section | Northern District of California |